*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

**No. 20-BG-181**

IN RE JASON E. RHEINSTEIN

**2020 DDN 36**

A Member of the Bar of the
District of Columbia Court of Appeals

**Bar Registration No. 494575**

BEFORE: Thompson and Beckwith, Associate Judges, and Nebeker, Senior Judge.

## O R D E R
(FILED – December 23, 2020)

On consideration of the certified order of the Court of Appeals of Maryland disbarring respondent from the practice of law in that jurisdiction; the February 28, 2020, order suspending respondent from the practice of law in this jurisdiction and directing him to show cause why reciprocal discipline should not be imposed; respondent's motion for leave to file a lodged document under seal; respondent's response to the show cause order wherein he states reciprocal discipline should not be imposed; the statement of Disciplinary Counsel regarding reciprocal discipline and respondent's reply thereto; and respondent's motion for leave to file lodged exhibits and his verified statement of facts; and it appearing that respondent filed his D.C. Bar R. XI, §14(g) affidavit on May 1, 2020, it is

ORDERED that respondent's motions to file documents under seal and for leave to file exhibits and his verified statement of facts are denied. It is

FURTHER ORDERED that Jason E. Rheinstein is hereby disbarred from the practice of law in the District of Columbia, *nunc pro tunc* to May 1, 2020. In reciprocal disciplinary matters the court applies a rebuttable presumption that identical discipline will be imposed unless respondent shows by clear and convincing evidence that one of the five exceptions applies, a high standard

respondent has not met.  *See, e.g., In re Salo*, 48 A.3d 174 (D.C. 2012).  To the extent respondent argues that he was not provided due process by the state of Maryland, the record reflects that he undertook various actions to delay the disciplinary proceedings and failed to comply with discovery within the time period, resulting in the imposition of sanctions.  Respondent made similar arguments to the Court of Appeals for the state of Maryland, as well as arguments that he was disciplined for uncharged actions, and the court rejected these arguments.  To the extent respondent challenges the imposition of reciprocal discipline by challenging the findings of the state of Maryland, such challenges are improper in reciprocal disciplinary proceedings, *see In re Zdravkovich*, 831 A.2d 964, 969 (D.C. 2003) ("Put simply, reciprocal discipline proceedings are not a forum to reargue the foreign discipline.").

**PER CURIAM**